IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

PIONEER CIVIL CONSTRUCTION, LLC                                    PLAINTIFF

v.                                        Case No. 1:22-cv-1034

INGEVITY ARKANSAS, LLC;
and INGEVITY CORPORATION                                          DEFENDANTS

## ORDER

Before the Court is Defendants Ingevity Arkansas, LLC and Ingevity Corporation's (collectively "Ingevity") Motion to Reverse or Modify Preliminary Injunction. ECF No. 34. Plaintiff Pioneer Civil Construction, LLC ("Pioneer") has responded. ECF No. 41. Ingevity has replied. ECF No. 46. The Court finds the matter ripe for consideration.

## BACKGROUND

On May 9, 2022, Pioneer filed this action against Ingevity in the Ashley County, Arkansas Circuit Court. ECF No. 3. Pioneer brought claims of breach of contract, promissory estoppel, unjust enrichment, and interference of business expectancy. *Id*. at p. 9-13. The claims relate to a contract Pioneer entered into with Ingevity for a construction project to build an asphalt road within Ingevity's facility in Crossett, Arkansas. *Id*. at p. 2-9. Pioneer alleges that the contract was canceled by Ingevity on an illegitimate and pretextual basis once the project was nearly completed. *Id*. at p. 5-9.

On May 13, 2022, Pioneer filed a Motion for Preliminary Injunction in the Ashley County Circuit Court. ECF No. 21-1. The motion sought to have the court order that Ingevity stop destroying the asphalt road evidence, to provide Pioneer reasonable access to the asphalt road evidence, and to identify, protect, and preserve all evidence, including the evidence related to the asphalt road. *Id*. at p. 6-7. On May 19, 2022, the Circuit Court held a hearing on Pioneer's motion

for the preliminary injunction.  ECF No. 21-4.  At the conclusion of the hearing, the Circuit Court granted Pioneer's motion for preliminary injunction with an order provided by Pioneer stating that the terms of the injunction were set forth pursuant to the hearing on the motion.  ECF Nos. 4 and 21-4, p. 42-50.  In the hearing transcript, the judge required Ingevity to preserve remaining relevant asphalt, provide chain of custody information regarding the asphalt to Pioneer, and preserve any core sample taken of the relevant asphalt road. [1]   ECF No. 21-4, p. 42-50.  Ingevity states that they did not participate in the hearing or defend themselves in any way so that they could preserve their right to remove this matter to this Court.  ECF No. 12, p. 3-5.  On June 13, 2022, Ingevity removed this action to this Court pursuant to 28 U.S.C. § 1441(b), alleging diversity jurisdiction pursuant to 28 U.S.C. § 1332.  ECF No. 2, p. 1-3.

On July 12, 2022, Pioneer filed a motion seeking to have this Court enforce the preliminary injunction issued by the state court, arguing that Ingevity has not adhered to the demands of the injunction.  ECF No. 16, p. 2-3.  Ingevity responded in opposition, arguing that they have made good faith efforts to comply with the injunction and alternatively requesting that the court modify the injunction.  ECF No. 21, p. 4-5.  The Court granted Pioneer's motion, finding that pursuant to 28 U.S.C. § 1450 the state court injunction was still in force upon removal.  ECF No. 37, p. 4-5.  The Court stated that it would not consider Ingevity's request to reverse or modify the injunction in addressing Pioneer's motion because Ingevity would need to file an independent motion for its requested relief.  *Id*. at p. 5.  The Court also noted that it was not persuaded by Pioneer's objections to the prior requirements[2] that Ingevity has placed upon access to its facility, finding that Pioneer

---

[1] This Court also interpreted the combination of Pioneer's motion and the transcript hearing as indicating that one of the terms of the injunction was to allow Pioneer access to Ingevity's facility to test the relevant asphalt and road.  ECF No. 37, p. 2 n.1.

[2] Pioneer stated that Ingevity placed the following restrictions on accessing their facility: "(1) the full names of all persons planning to enter the jobsite; (2) prior, internal approval from presumably Ingevity's counsel to allow Pioneer to enter the jobsite; and (3) confirmation that all guest[s] will use and provide their own personal protective equipment."  ECF No. 24, p. 8-9.

had not demonstrated why it could not comply with the demands or why the demands were unreasonable. *Id*. at p. 4-5.

On August 16, 2022, Ingevity filed the instant motion seeking to have the Court reverse or modify the injunction issued by the state court. ECF No. 34. Pioneer responded in opposition (ECF No. 41), and Ingevity replied (ECF No. 46).

## DISCUSSION

Ingevity first argues that the preliminary injunction does not comply with federal standards. ECF No. 35, p. 10-15. Ingevity contends that the order granting the injunction does not comply with Federal Rule of Civil Procedure 65(d) because the injunction order does not state its terms specifically, it contains no foreseeable end point, and it improperly references another document to describe the terms of the injunction. *Id*. at p. 10-11. Ingevity further contends that the state court erred in not considering Pioneer's likelihood of success on the merits and in not requiring evidence of any irreparable harm that Pioneer might incur without the preliminary injunction. *Id*. at p. 12-15. Ingevity also argues that changes in circumstances justify modifying the injunction. *Id*. at p. 15-23. Specifically, Ingevity alleges that Pioneer obtained the injunction by perpetrating fraud on the state court by not informing it that Ingevity had ceased efforts to replace the asphalt road at issue and by not informing it that Pioneer had an open invitation to visit Ingevity's plant to obtain samples of the asphalt. *Id*. at p. 16-23.[3]

In response, Pioneer argues that the preliminary injunction complies with the federal standards because there is no required time limit on injunctions and because there is no requirement

---

[3] Ingevity also implies that the injunction was improper because Pioneer would not agree to allow Ingevity to participate in the initial hearing without waiving potential federal jurisdiction. ECF No. 35, p. 23-25. However, Ingevity does not provide any legal support for the proposition that the one-sided nature of the hearing makes the injunction flawed. The Court will not analyze this argument.

to include "magic words" to make a request for an injunction, or the order granting it, proper.[4] ECF No. 42, p. 11-14.  However, Pioneer contends that testimony at the hearing sufficiently established Pioneer's chance of success on the merits.  *Id*. at p. 14-15.  Pioneer also asserts that the fact the state court granted its request for the injunction is inherent proof that it demonstrated its chance of success on the merits.  *Id*. at p. 14.  Pioneer also argues that there has not been a change in circumstances to justify the modification of the injunction.  *Id*. at p. 15-24.  Pioneer disputes the allegation that it committed any fraud on the state court or intentionally misrepresented facts during the hearing to convey the need for an injunction.  *Id*. at p. 19-24.  Pioneer also contends that the conditions Ingevity has placed on access are unreasonable.  Pioneer asserts that the conditions would require it to potentially reveal the experts or consultants it will utilize and that it is unaware of the full defenses and counterclaims of Ingevity that would inform Pioneer of how it needs to collect samples of the asphalt road.  *Id*. at p. 22-24.

In reply, Ingevity first argues that all of its defenses and counterclaims are known and that Pioneer has all the information it needs to take appropriate samples of the road and asphalt for litigation.  ECF No. 46, p. 2-3.  Ingevity then reiterates its argument that the lack of a foreseeable endpoint in the injunction is improper.  *Id*. at p. 3-4.  Ingevity also reiterates its argument that the lack of any showing or evidence presented by Pioneer regarding its likelihood of success on the merits during the hearing makes the injunction fundamentally flawed.  *Id*. at p. 4-5.  Lastly, Ingevity reiterates its argument that the order granting the injunction clearly violates the federal

---

[4] Pioneer's first argument is that the injunction cannot be contested by Ingevity because Ingevity waived any objection to the order granting the injunction by not participating in the hearing.  ECF No. 42, p. 10-11.  However, Pioneer provides no legal support for this assertion.  The Court will not analyze this argument.  Pioneer also contends that it is not asserting any spoliation of evidence claims in order to rebut any suggestion by Ingevity that Pioneer intends to do so.  *Id*. at p. 15.  Pioneer also attempts to rebut any assertion by Ingevity that its president, Lance Griffin, violated any laws by flying a drone over Ingevity's plant.  *Id*. at p. 24.  This issue is irrelevant to the instant motion and will not be considered by the Court.  Finally, Pioneer also wants a section of factual allegations made by Ingevity in the instant motion to be struck by the Court.  *Id*. at p. 24-26.  Pioneer's response is not the proper way to request material be struck and the Court finds that this request has no bearing on the resolution of the instant motion.

requirement that an injunction order not set forth the acts it restricts or requires by referring to another document.[5] *Id*. at p. 6.

Once a matter is removed from a state court to a district court of the United States, "all injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court." 28 U.S.C. § 1450. "Section 1450 was simply designed to deal with the unique problem of a shift in jurisdiction in the middle of a case which arises whenever cases are removed from state to federal court." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters and Auto Truck Drivers Local No. 70 of Alameda County*, 415 U.S. 423, 435 (1974). "[T]he statute ensures that interlocutory orders entered by the state court to protect various rights of the parties will not lapse upon removal." *Id*. at 436.

After removal, federal law governs the future course of proceedings and the district court has the authority to dissolve or modify all orders made prior to removal. *See id*. at 437; *see also* Fed R. Civ. P. 81(c)(1). State interlocutory orders entered before removal cannot bind a district court. *See Hensley v. Conner*, 800 F. App'x 309, 312 (6th Cir. 2020); *Hyde Park Partners, L.P. v. Connolly*, 839 F.2d 837, 842 (1st Cir. 1988). State court interlocutory orders are functionally transformed into orders of a federal court after removal, and the district court is free to review the orders as if they were its own.[6] *See Louisiana v. Guidry*, 489 F.3d 692, 697-98 (5th Cir. 2007); *Jackson v. American Sav. Mortg. Corp.*, 924 F.2d 195, 198 (11th Cir. 1991). No greater standard of deference is given to a state interlocutory order after removal, and the district court is free to apply federal standards when reviewing whether the state order was appropriate. *Nissho-Iwai*

---

[5] Ingevity makes additional arguments regarding the drone flight and the factual background issues raised by Plaintiff. ECF No. 46, p. 6-7. As the Court stated earlier in this order, these issues are not relevant for ruling on the instant motion.
[6] District courts can generally re-examine their own interlocutory orders pursuant to Federal Rule of Civil Procedure 54(b). *See Julianello v. K-V Pharmaceutical Co.*, 791 F.3d 915, 923 n.3 (8th Cir. 2015).

*American Corp. v. Kline*, 845 F.2d 1300, 1303-04 (5th Cir. 1988) ("[W]e decline to read section 1450 as imposing comity restraints, and thus . . . mandates no predetermined level of deference which a federal court must observe in reconsidering an interlocutory state court order."). "Modifying or dissolving a preliminary injunction 'is proper only when there has been a change of circumstances . . . that would render the continuance of the injunction in its original form inequitable.'" *Ahmad v. City of St. Louis*, 995 F.3d 635, 640 (8th Cir. 2021) (quotation omitted). "When considering whether to modify a preliminary injunction, a district court is not bound by a strict standard of changed circumstances but is authorized to make any changes in the injunction that are equitable in light of subsequent changes in the facts or the law." *Id*. (quotation omitted).

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Tumey v. Mycroft AI, Inc.*, 27 F.4th 657, 664-65 (8th Cir. 2022) (quotation omitted). While no one factor is determinative, the factor regarding probability of success on the merits is the most important. *See id*. at 665 (citations omitted). Every order granting an injunction must: 1) state the reasons why it issued; 2) state its terms specifically; and 3) describe in reasonable detail—and not by referring to the complaint or other document—the acts restrained or required. Fed. R. Civ. P. 65(d)(1). Rule 65(d)(1)(C)'s requirement to not refer to other documents in detailing the restrained or required acts is to be construed strictly.[7] *See Domino Group, Inc. v. Charlie Parker Memorial Foundation*, 985 F.2d 417, 420 (8th Cir. 1993) (approving of a district court's injunction order that explicitly incorporated the findings and obligations determined by an arbitrator without simply referencing

---

[7] Other circuits have determined that Rule 65(d)(1)(C) is to be strictly construed. *See Dupuy v. Samuels*, 465 F.3d 757, 758 (7th Cir. 2006); *Consumers Gas & Oil, Inc. v. Farmland Industries, Inc.*, 84 F.3d 367, 370-71 (10th Cir. 1996); *Seattle-First Nat. Bank v. Manges*, 900 F.2d 795, 799-800 (5th Cir. 1990).

the arbitration order); *U.S. v. Articles of Drug*, 825 F.2d 1238, 1247 (8th Cir. 1987) (holding that preliminary injunction was flawed because it cited to other documents to detail what products a party could not market or sell instead of listing the products in the order); *E.W. Bliss Co. v. Struthers-Dunn, Inc.*, 408 F.2d 1108, 1117 (finding a section of an injunction clearly invalid under Rule 65(d)(C) because it only references an exhibit to describe the individuals that defendants were restrained from contacting).

The Court finds that the preliminary injunction order issued by the state court is fundamentally flawed and subject to modification. The order granting the injunction (ECF No. 4) is clearly deficient under the requirements of Rule 65(d). The order does not state why the injunction was issued or list the terms of the injunction, making it inadequate under the clear language of Rule 65(d)(1)(A) and (B). Also, the order asserts that the entire substance of the injunction is found within the hearing held on the matter and the transcript excerpts of that hearing attached to the order. This makes the state order inadequate under Rule 65(d)(1)(C)'s demand that the injunction not define its required actions or inactions through reference to another document. *Domino Group, Inc.*, 985 F.2d at 420; *Articles of Drug*, 825 F.2d at 1247; *E.W. Bliss Co.*, 408 F.2d at 1117.

The Court finds that the injunction does not adhere to the technical requirements for issuing preliminary injunctions. The resulting vagueness of what the injunction requires is a circumstance justifying the modification of the preliminary injunction to a clearer and more equitable form.[8] *Ahmad*, 995 F.3d at 640. The vagueness of the order previously posed a challenge to this Court when determining what the explicit terms of the injunction were in order to affirm that it was still

---

[8] Because the circumstances permitting the modification of the injunction are present and Ingevity alternatively requested that the injunction be modified, the Court will proceed with that relief. Accordingly, the Court will not address the issue of whether the injunction was improperly granted and should be dissolved in its entirety.

in force upon removal.[9]   Therefore, the Court will form the preliminary injunction into explicit terms that were absent from the state court order.  The Court will do so by making the clearest synthesis it can of the requests made in Pioneer's initial motion for the injunction (ECF No. 21-1), the requests made by Pioneer in the hearing, and the verbal order given at the conclusion of the hearing on that initial motion (ECF No. 21-4).

Additionally, due to what the Court views to be unwarranted delay by Pioneer in attempting to get the evidence that was the impetus for the preliminary injunction, the Court will also stipulate that the modified preliminary injunction will elapse forty-five (45) days after the date of this order. The Court previously stated that it was not persuaded by Pioneer's claim that the conditions placed on access to Ingevity's facility were too burdensome.  ECF No. 37, p. 4-5.  The Court is also not persuaded that Pioneer does not know what evidence it needs to gather because of the unknown nature of Ingevity's potential counterclaims.  Ingevity has filed its counterclaims and Pioneer should be aware of what any defenses may require.  ECF No. 43.  Pioneer obtained the initial preliminary injunction four months ago on the stated desire to preserve and obtain evidence for its claims.  Pioneer will now need to proceed as if that is its goal.[10]

## CONCLUSION

For the reasons stated above, the Court finds that Ingevity's Motion to Reverse or Modify Preliminary Injunction (ECF No. 34) should be and is hereby **GRANTED**.  The preliminary

---

[9] The Court noted that the hearing transcript did not explicitly indicate that the state order granting Pioneer's request for an injunction ordered that Pioneer would have access to Ingevity's plant to test the road and asphalt.  However, the request in Pioneer's initial motion to have access to the plant was reiterated in the hearing.  Accordingly, the Court interpreted the general granting of the motion as also requiring that Pioneer be granted some form of access for testing. ECF No. 37, p. 2 n.1.

[10] Pioneer should not bemoan this outcome.  The hearing transcript indicates that Pioneer's chances of success on the merits received little explicit consideration by the state court judge prior to granting the preliminary injunction.  If the Court chose to analyze the state injunction on its substantive grounds instead of stopping at the obvious technical failings, the injunction might not have survived in any form.  *See Tumey,* 27 F.4th at 665 (chances of success on the merits is the most significant consideration in evaluating a request for a preliminary injunction).

injunction issued by the Ashley County Circuit Court (ECF No. 4) is hereby **MODIFIED**. The modified preliminary injunction is contained within a separate order issued on even date.

      **IT IS SO ORDERED**, this 11th day of October, 2022.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge