IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

PIONEER CIVIL CONSTRUCTION, LLC                                           PLAINTIFF

v.                                          Case No. 1:22-cv-1034

INGEVITY ARKANSAS, LLC;
and INGEVITY CORPORATION                                                 DEFENDANTS

## **ORDER**

Before the Court is Defendants' Motion to Dismiss.  ECF No. 17.  Plaintiff has responded. ECF No. 27.  Defendants have replied.  ECF No. 40.  The Court finds the matter ripe for consideration.

## **I. BACKGROUND**

Plaintiff Pioneer Civil Construction, LLC ("Pioneer") is an Arkansas limited liability company.[1]  Defendant Ingevity Arkansas, LLC ("Ingevity AR") is a Delaware limited liability company registered to do business in Arkansas, and Defendant Ingevity Corporation ("Ingevity Corp.") is a Delaware corporation with its principal place of business in South Carolina.  In the fall of 2021, Pioneer placed a bid to Ingevity AR to perform certain work for construction of an asphalt road within Ingevity AR's facility in Crossett, Arkansas.  The agreement for the work Pioneer was to perform for Ingevity AR is documented in a Revised Purchase Order #4502392369 ("Purchase Order") dated October 4, 2021.  ECF No. 1-1.  The Purchase Order references "Ingevity Terms and Conditions" ("Terms and Conditions"), a separate document that puts forth additional

---

[1] The factual background is gathered from the commonality of Plaintiff's Amended Complaint (ECF No. 14), Defendants' Answer (ECF No. 19), Defendants' instant motion to dismiss (ECF No. 17), Plaintiff's response in opposition to the instant motion (ECF No. 27), and Defendants' Motion to Reverse or Modify Preliminary Injunction (ECF No. 34).

requirements of the contract.  The parties now dispute whether those Terms and Conditions are included in the contract for Pioneer's construction work at Ingevity AR's facility in Crossett.

Pioneer alleges that Ingevity Corp. ceased to pay invoiced charges for the construction project in November 2021.  Pioneer further alleges that it would have completed the project by the end of 2021 absent the delays caused by Ingevity AR.  Defendants allege that Pioneer had submitted invoices for work it had not completed.  In early January 2022, Ingevity AR terminated its contract with Pioneer for the construction of the asphalt road and barred Pioneer from accessing the Crossett facility.  Defendants allege that the termination resulted from Pioneer's failure to adhere to workplace safety requirements and that Pioneer's work on the asphalt road was defective and did not adhere to the construction standards set forth in the contract.  Pioneer alleges that these safety standards were not part of the overall contract and were applied retroactively to Pioneer's construction work.

On May 9, 2022, Pioneer filed its first complaint against Defendants in the Circuit Court of Ashley County, Arkansas.  ECF No. 3.  Pioneer alleged alternative claims of breach of contract, promissory estoppel, unjust enrichment, and interference with business expectancy.  Pioneer's complaint attached the now disputed "Terms and Conditions" document.  *Id*. at p. 18-26.  On May 10, 2022, Pioneer sent a cease-and-desist letter to Ingevity AR to prevent it from further deconstruction of the asphalt road Pioneer had built in the Crossett facility.  On May 13, 2022, Pioneer filed a Motion for Preliminary Injunction or Temporary Restraining Order (ECF No. 22-1), seeking to prevent Defendants from any further demolition of the asphalt road, to allow Pioneer to access the remaining road and road materials to gather evidence for its claims, and to require Defendants to preserve any remaining material from the asphalt road.  A hearing was held on that motion on May 19, 2022, at which Defendants chose not to participate.  At the hearing, the

president of Pioneer, Lance Griffin, testified to his understanding that the Terms and Conditions were a part of the contract for constructing the asphalt road.[2]  ECF No. 21-4, p. 33-35.  At the conclusion of the hearing, the State court indicated it would grant Pioneer's request for an injunction so that it could gather evidence necessary for its claims.  *Id*. at p. 43-50.  Pioneer later provided that court with an order simply stating that the requested injunction was granted without detailing the specifics of the injunction.  ECF No. 2-1, p. 74-75.

On June 13, 2022, Defendants removed the matter to this Court pursuant to 28 U.S.C. § 1332 diversity jurisdiction.[3]  ECF No. 2.  Defendants later moved to have the preliminary injunction imposed by the State court reversed or modified.  ECF No. 31.  The Court granted Defendants' request to modify the injunction after finding that the state court injunction did not meet federal standards.  ECF No. 53.  The modified injunction entered by the Court placed a time limit on which Pioneer had to access the Crossett facility to obtain whatever evidence it needed for its claims.  ECF No. 54.

On July 12, 2022, Pioneer filed its Amended Complaint.  ECF No. 14.  In its amended complaint, Pioneer alleges that the Terms and Conditions were not properly incorporated into the Purchase Order and overall contract.  *Id*. at p. 2-3.  Pioneer now brings five claims in the alternate: a claim for breach of contract in which the Purchase Order is the full extent of the contract, a claim for breach of contract in which the Terms and Conditions are determined to be properly incorporated into the contract, a claim for promissory estoppel, a claim for unjust enrichment, and a claim for tortious interference with contract.  *Id*. at p. 10-16.

---

[2] The Terms and Conditions were also introduced as Exhibit 7 at the hearing.  ECF No. 21-4, p. 97-105.
[3] No party disputes that there is complete diversity between the parties or that the amount in controversy exceeds $75,000.  Accordingly, the Court is satisfied that it has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

On July 26, 2022, Defendants filed the instant motion to dismiss Pioneer's complaint. Defendants generally argue that the inconsistent and contradictory nature of Pioneer's claims should result in dismissal. ECF No. 18. Pioneer responded in opposition, generally arguing that it has properly plead its claims in the alternate and that mutually exclusive theories of recovery are permitted at the pleading stage. ECF No. 28. In reply, Defendants reiterated their arguments regarding the contradictory nature of Plaintiff's positions regarding the incorporation of the Terms and Conditions. ECF No. 40.

## II. STANDARD OF REVIEW

A pleading must "contain a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This standard "does not require 'detailed factual allegations,' but it demands more that an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). While factual allegations in a complaint are presumed true, unsupported legal conclusions presented as facts are not sufficient to show a pleader is entitled to relief. *See id*. (citations omitted). There must be factual allegations underlying a complaint such that the claim of misconduct is sufficiently plausible on its face and not merely a possibility. *See id*. at 678-79 (citations omitted). Sufficiently supporting a claim "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Upon motion, a party against whom a claim for relief is sought may assert the defense that the claim is not one upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). In evaluating a motion to dismiss pursuant to Rule 12(b)(6), the Court evaluates the complaint in the light most favorable to the non-moving party. *Carton v. Gen. Motor Acceptance Corp.*, 611 F.3d 451, 454 (8th Cir. 2010) (citations omitted).

## III. DISCUSSION

### A. Claim I(A)

Defendants argue that Pioneer's first claim must fail because it is not plausible that the Terms and Conditions were not incorporated into the contract and because of the doctrine of judicial estoppel.  ECF No. 18, p. 5-12.  Defendants first contend that the reasons given by Pioneer as to why the Terms and Conditions are not incorporated, such as the document having a different title than what is referenced and not being physically attached to the Purchase Order, are not legally recognized.  *Id*. at p. 6-8.  Defendants then argue that Pioneer is judicially estopped from now asserting that the Terms and Conditions were not incorporated into the contract.  *Id*. at p. 8-12.  Defendants note that Pioneer's first complaint and the testimony and exhibits presented at the state court injunction hearing asserted that the Terms and Conditions were part of the contract.  *Id*. at p. 8-9.  Defendants further note that the argument Pioneer gave for needing the injunction was to allow it to obtain samples of the road to show that it complied with requirements within the Terms and Conditions.  *Id*. at p. 9-10.  Defendants then argue that the inconsistent position now asserted for Claim I(A) would be barred under either the Arkansas or South Carolina formulation of judicial estoppel.  *Id*. at p. 11.  Defendants conclude that this inconsistent and legally barred position makes Pioneer's first claim inadequate under the plausibility standard for a pleading.  *Id*. at p. 11-12.

Pioneer's argument in response emphasizes a party's right to plead in the alternate under Federal Rule of Civil Procedure 8.  ECF No. 28, p. 3-4.  Pioneer notes that Rule 8(d)(3) does not require consistency in a party's alternate claims.  *Id*. at p. 3.  Pioneer then contends that its two breach of contract claims that embrace differing conclusions regarding the Terms and Conditions are exactly the kind of alternative claims permitted.  *Id*. at p. 3-4.  Pioneer also argues that Defendants have failed to provide any legal support for the application of judicial estoppel to this

claim. *Id*. at p. 4-5. Pioneer also contends that judicial estoppel does not apply because it amended its complaint as of right under Rule 15(a)(1)(A) and the original complaint now has no legal effect. *Id*. Lastly, Pioneer argues that it has alleged enough facts to support a claim in which the Terms and Conditions were not incorporated into the contract. *Id*. at p. 6-9.

Defendants argue in reply that Pioneer gained a legal benefit from its prior inconsistent position regarding the Terms and Conditions and thus judicial estoppel is appropriate in this instance. ECF No. 40, p. 1-3. Defendants also argue that an amended complaint that is factually inconsistent with a prior complaint can be dismissed on that basis. *Id*. at p. 3-4. Defendants also argue that the facts indicate that Pioneer cannot plausibly claim that the Terms and Conditions were not incorporated into the contract. *Id*. at p. 4-7.

**1. Judicial Estoppel and Inconsistent Complaints**

The Eighth Circuit applies the judicial estoppel law of the forum state in diversity actions. *See Kirk v. Schaeffler Group USA, Inc.*, 887 F.3d 376, 383-84 (8th Cir. 2018) (citation omitted). Judicial estoppel is an affirmative defense under Arkansas law. *See* Ark. R. Civ. P. 8(c). Typically, the assertion of an affirmative defense is not able to render a claim insufficient and subject to dismissal pursuant to Rule 12(b)(6). *See Weatherly v. Ford Motor Company*, 994 F.3d 940, 942-43 (8th Cir. 2021) (citation omitted). However, if the affirmative defense is clearly apparent from the face of the complaint, which includes materials embraced by the complaint and public records, then the affirmative defense can provide a basis for dismissal under Rule 12(b)(6). *C.H. Robinson Worldwide, Inc. v. Lobrano*, 695 F.3d 758, 763-64 (8th Cir. 2012) (citations omitted). "For judicial estoppel to apply, four elements must be present: (1) a party must assume a position clearly inconsistent with a position taken in an earlier case, or with a position taken in the same case; (2) a party must assume the inconsistent position with the intent to manipulate the judicial process to

6

gain an unfair advantage; (3) a party must have successfully maintained the position in an earlier proceeding such that the court relied upon the position taken; and (4) the integrity of the judicial process of at least one court must be impaired or injured by the inconsistent positions taken." *Jenkins v. Mercy Hospital Rogers*, 2021 Ark. 211, at 11-12, 633 S.W.3d 758, 765.

The Court finds that Defendants have not shown that judicial estoppel is apparent from the face of the complaint. Defendants list the Arkansas elements of estoppel in their brief and reply, as well as the elements from South Carolina[4] and the elements applied by federal courts, and assert that each element is apparent from Pioneer's complaint. ECF No. 18, p. 8-12; ECF No. 40, p. 1-4. However, they have not demonstrated that every element is apparent from the face of the complaint. Defendants have successfully shown that Pioneer took a position regarding the Terms and Conditions inconsistent with what it asserts now and that a court relied upon its prior position. Pioneer took the position in its initial complaint and in the state court hearing that the Terms and Conditions were a part of the contract. Pioneer obtained an injunction on the basis that it needed an opportunity to collect evidence that would show it complied with the Terms and Condition. Pioneer moved to have this Court affirm that the injunction issued in the state court was still in effect upon removal. ECF Nos. 16 and 37. Nevertheless, Defendants have failed to show that Pioneer intended to take the inconsistent position in order to manipulate the judicial process or that the integrity of the judicial process has been injured. Rather, Defendants conclude that successfully demonstrating two of the elements makes the other elements self-evident. Demonstrating intent to manipulate is particularly critical because judicial estoppel is meant to apply to "intentional contradictions" that undermine the judiciary and not to an inadvertent error.

---

[4] South Carolina law is referenced by both parties in their arguments because the Terms and Conditions that are now in dispute assert that the contract between the parties is to be governed and construed under South Carolina law. ECF No. 14-2, p. 8. However, the judicial estoppel issue is distinct and independent from construing the contract and the Court will continue to follow the directive to apply forum judicial estoppel elements. *See* Kirk, 887 F.3d at 383-84.

*Dupwe v. Wallace*, 355 Ark. 521, 534-35, 140 S.W.3d 464, 472-73 (2004) (quotation omitted). Accordingly, the Court finds that Defendants have not shown that the affirmative defense of judicial estoppel for this claim is apparent from the face of the complaint.  Thus, Defendants cannot prevail in their request to dismiss on this basis under Rule 12(b)(6).  *See Lobrano*, 695 F.3d at 763-64.

The Court is also not persuaded by Defendants' argument that an amended complaint should be dismissed for contradicting the initial complaint.  Defendants misconstrue the applicability of the two district court cases they cite from the Eighth Circuit.  The court in *Tansil v. Honda Motor Company, Ltd.* held that a plaintiff could not assert facts contradicting her amended complaint when opposing a motion to dismiss based on a lack of subject matter jurisdiction, not that an amended complaint could not contradict an initial complaint.  2016 WL6396166 at *2 (E.D. Mo. Oct. 28, 2016).  Also, the court in *ecoNugenics, Inc. v. Bioenergy Life Sci., Inc.* held that leave to amend in response to a motion to dismiss could be denied when the proposed amendment would be futile in establishing a plausible claim. 355 F. Supp. 3d 785, 793-95 (D. Minn. Jan. 10, 2019).  The Court does not find those cases applicable or persuasive to Defendants' motion to dismiss.[5]

### 2. Breach of Contract Claim I(A)

Defendants also argue that Pioneer has failed to adequately state a claim for its first breach of contract claim.  ECF No. 18, pp. 5-8, 11-12.  Defendants contend that the Terms and Conditions are clearly included in the contract as a matter of law.  *Id*. at p. 6.  Defendants further contend that Pioneer has provided no legal support for its arguments as to why the Terms and Conditions were

---

[5] The Court similarly finds that the cases from outside the Eighth Circuit cited by Defendants are not instructive because they all involve requests for leave to amend in response to a motion to dismiss.  *See Reddy v. Litton Indus.*, Inc., 912 F.2d 291, 296-97 (9th Cir.1990); *Williams v. Yamaha Motor Corp., U.S.A.*, 106 F. Supp. 3d 1101, 1108-09 (C.D. Cal. Apr. 29, 2015); *Azadpour v. Sun Microsystems, Inc.*, 2007 WL 2141079 at *2 n.2 (N.D.Cal. July 23, 2007).

not incorporated into the contract.  *Id*. at p. 6-8.  Therefore, Defendants conclude that Pioneer's first claim with its assertion that the Terms and Conditions are not part of the contract has failed to meet the plausibility standard for pleadings and should be dismissed.  *Id*. at p. 11-12.

Pioneer argues in response that it has sufficiently alleged that the Terms and Conditions were not incorporated into the contract for this alternate claim.  ECF No. 28, pp. 3-4, 6-9.  Pioneer contends that the issues it noted regarding the Purchase Order's reference to the Terms and Conditions, such as the document not being attached to the Purchase Order, are issues that have been found to prevent the incorporation of referenced terms into a contract. *Id*. at p. 6-9.  Pioneer also argues that the non-mutual waiver of consequential damages within the Terms and Conditions weighs against its inclusion in the contract because such waivers are generally disfavored.  *Id*. at p. 8.

In reply, Defendants argue that the example of external terms not being incorporated cited by Pioneer is factually distinct and inapplicable to this matter.  ECF No. 40, p. 5-6.  Defendants also argue that limitations-of-liability clauses like the one included in the Terms and Conditions have been upheld in Arkansas and South Carolina.[6]  *Id*. at p. 6-7.

The Court must first address the issue of which State's law to apply to this claim.  Pioneer's Claim I(A) alleges that the Terms and Conditions, and the South Carolina choice-of-law provision within, are not part of the contract it entered into with Defendants.  ECF No. 14, p. 10-12.  Consequently, Pioneer contends that this breach of contract claim should be evaluated under Arkansas law.  ECF No. 28, p. 8 n.1.  Defendants argue that Pioneer has not plausibly alleged that

---

[6] Defendants' motion and reply also generally argue that Pioneer's first breach of contract claim is not plausible because it contradicts prior positions taken by Pioneer.  However, the Court views this as more relevant to the judicial estoppel argument and not applicable to whether Pioneer adequately plead its first breach of contract claim.

the Terms and Conditions were not incorporated and asserts that claim should be assessed under South Carolina law pursuant to the choice-of-law provision.  ECF No. 18, p. 4-8.

The Court has determined that it will evaluate this claim under Arkansas law.  First, the Court notes that Pioneer's Claim I(B) in the alternate alleges a breach of contract claim in which the Terms and Conditions are incorporated into the overall contract.  Knowing that Pioneer cannot prevail on both its alternate breach of contract claims, the Court finds that making a legal determination regarding whether the Terms and Conditions were incorporated is beyond the scope of simply evaluating whether alternate Claim I(A) is sufficiently pled.[7]  Also, the Court must evaluate Defendants' motion to dismiss in the light most favorable to Pioneer and take as true all of Pioneer's allegations.  *See Iqbal*, 556 U.S. at 678; *Carton*, 611 F.3d at 454.   Therefore, the Court gives significant weight to the allegation in Claim I(A) that the Purchase Order is the extent of the contract because of alleged shortcomings in incorporating the Terms and Conditions.

Next, the Court notes that a federal court sitting in diversity generally applies the law of the forum state. *See Pals v. Weekly*, 12 F.4th 878, 881 (8th Cir. 2021).  Also, federal courts sitting in diversity apply the choice-of law principles of the forum state.  *Simpson v. Liberty Mut. Ins. Co.*, 28 F.3d 763, 764 (8th Cir. 1994).  Arkansas applies the "significant relationship analysis" to determine which law to apply in the absence of an effective choice-of law provision, which considers the following factors: "(1) the place of contracting; (2) the place of negotiation of the contract; (3) the place of performance; (4) the location of the subject matter of the contract; (5) the domicile, residence, nationality, place of incorporation and place of business of the parties."

---

[7]A party may plead as many inconsistent claims as it desires.  *See* Fed. R. Civ. P. 8(d)(3).  At the pleading stage, a party is not required to pick between alternate claims or pick between mutually exclusive claims.  *See Allied World Ins. Co. v. CMM Mechanical, LLC*, 2020 WL 6827479 at *5 (E.D. Ark. Nov. 20, 2020) (citations omitted).  While a plaintiff may not recover on all of its alternate claims or on all of its mutually exclusive claims, *see Southern Wine and Spirits of Nevada v. Mountain Valley Spring Co., LLC*, 2008 WL2186176 at *2 (W.D. Ark. May 23, 2008) (citations omitted), a plaintiff is permitted to present the alternate and mutually exclusive theories until the judgment stage of the action.  *See CMM Mechanical*, 2020 WL 6827479 at *5.

*Scottsdale Ins. Co. v. Morrowland Valley Co., LLC*, 2012 Ark. 247, at 7, 411 S.W.3d 184, 189 (quotations omitted).   Applying those factors, the Court finds that Claim I(A) has the most significant relationship with Arkansas because that is where the Purchase Order was executed and performed, where the subject matter of the Purchase Order is located, and where Pioneer is domiciled.   Therefore, Pioneer's Claim I(A) will be evaluated under Arkansas law.

The Court finds that Pioneer has sufficiently pled its breach of contract claim under Claim I(A).   The elements for a breach of contract claim in Arkansas are "the existence of an enforceable contract between the plaintiff and defendant, the obligation of the defendant thereunder, a violation by the defendant, and damages resulting to the plaintiff from the breach." *Smith v. Eisen*, 97 Ark. App. 130, 139, S.W.3d 160, 168-69 (Ark Ct. App. 2006).   Pioneer has alleged that it entered into an enforceable contract with Defendants through the Purchase Order in which Defendants were obligated to compensate Plaintiff for its work in constructing an asphalt road.   ECF No. 14, p. 2-4.   Pioneer has also alleged that Defendants violated that contract by refusing to compensate Pioneer for the work it performed and that it consequently incurred various financial damages from that violation.   *Id*. at p. 4-12.   The Court finds that these allegations are not bare conclusions or a regurgitation of the elements of a breach of contract claim.   *See Twombly*, 550 U.S. at 555.   Rather, these allegations meet the pleading requirement of alleging facts that indicate the claim is plausible and not merely possible.   *See Iqbal*, 556 U.S. at 678-79.   Accordingly, the Court finds that Pioneer has successfully alleged a breach of contract claim for its first alternate claim and that Defendants' motion to dismiss Claim I(A) pursuant to Rule 12(b)(6) must fail.

### B. Remaining Claims

The Court's finding that Pioneer sufficiently alleged facts to support alternate Claim I(A) renders the remaining alternate claims sufficient for the pleading stage of this action.   A party may

plead all its claims alternatively, and a pleading will be sufficient if any alternate claim is sufficient. *See* Fed. R. Civ. P. 8(d)(2); *see also Adinolfe v. United Technologies Corp.*, 768 F.3d 1161, 1175 (11th Cir. 2014) ("It is a well-settled rule of federal procedure that plaintiffs may assert alternative and contradictory theories of liability."); *Elena v. Municipality of San Juan*, 677 F.3d 1, 8 (1st Cir. 2021) (alleging sufficient facts to support one alternate claim makes the other alternate claims adequately pled).  Therefore, Pioneer's sufficiently pled alternate Claim I(A) has established that its entire pleading is sufficient under Rule 8.  *See Adinolfe*, 768 F.3d at 1175; *Elena*, 677 F.3d at 8.  Accordingly, Defendants motion to dismiss regarding Pioneer's remaining alternate claims must also fail.

## IV. CONCLUSION

For the reasons stated above, the Court finds that Plaintiff Pioneer has sufficiently plead one of its alternate claims and that its remaining alternate claims are consequently sufficient pursuant to Rule 8(d)(2).  Therefore, Defendants' Motion to Dismiss Plaintiff Pioneer's Amended Complaint (ECF No. 17) is hereby **DENIED**.

**IT IS SO ORDERED**, this 21st day of December, 2022.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge