IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

PIONEER CIVIL CONSTRUCTION, LLC                                                                PLAINTIFF

v.                                          Case No. 1:22-cv-1034

INGEVITY ARKANSAS, LLC;
and INGEVITY CORPORATION                                                                    DEFENDANTS

**ORDER**

Before the Court is Plaintiff's Motion to Quash (ECF No. 66) and Defendants' Motion for Extension of Time to Complete Discovery (ECF No. 68). The Court finds both matters ripe for consideration.

On April 6, 2023, Plaintiff filed his Emergency Motion to Quash Subpoenas. ECF Nos. 66 and 67. Plaintiff moves to have the Court quash numerous subpoenas duces tecum recently issued by Defendants and to order that any materials obtained by Defendants from those subpoenas be barred from being offered as evidence at trial. Plaintiffs first argue that the subpoenas violate the deadline for the close of discovery. Plaintiffs contend that Defendants' subpoenas place a deadline for receipt of the requested documents that falls beyond the April 9, 2023 deadline for the close of discovery in this matter. Plaintiffs further argue that Defendants' subpoenas to third parties seek information that is not relevant or should have been discovered sooner if Defendants had engaged in diligent discovery. Plaintiffs conclude that Defendants' subpoenas function as an impermissible extension of the discovery deadline and should be quashed by the Court.

Defendants' Motion for Extension of Time argues that additional time for discovery is necessary because previously undisclosed and relevant information was brought to light in depositions taken the last week of the discovery period. ECF No. 68. Defendants explain that scheduling difficulties prevented counsel for Plaintiff and Defendants from being able to

coordinate depositions of numerous fact witnesses until April 3, 4, 5, and 6, 2023. Defendants contend that information obtained during these depositions precipitated the need for multiple subpoenas duces tecum that Defendants issued prior to the close of discovery. Defendants also contend that certain individuals that were not previously identified as having knowledge relevant to this matter were determined to have such knowledge during these depositions. Defendants assert that more time will be necessary to depose those individuals. Therefore, Defendants conclude that an extension of the discovery period is necessary and justified and request that the discovery period be extended by sixty (60) days to accommodate the additional discovery.

Upon review, the Court finds that Defendants have sufficiently explained why the recently issued subpoenas are proper and why they were not issued prior to the recent depositions. The Court also finds that Plaintiff's arguments for quashing the subpoenas are not persuasive. The Court further finds that Defendants have shown good cause for their requested extension of the discovery period. However, the Court finds that such an extension necessitates a continuance of the trial in this matter currently set to commence on August 7, 2023. The requested sixty-day extension of the discovery deadline would make the new dispositive motion deadline approximately one month prior to trial. Between the time the parties would have to respond and reply to any dispositive motions, other potential pre-trial motions, and the general manner that the parties have litigated this matter, the Court finds that the requested extension would not permit sufficient time to properly address all potential issues that may arise prior to trial.

The Court also cautions the parties to be more prudent in anticipating potential discovery issues going forward. The Court's prior scheduling order notes that problems with discovery need to be "brought to the Court's attention in time for the opponent to make a proper response and for the Court to make an informed ruling before the close of discovery." Adequate foresight could

have informed the parties that scheduling numerous depositions for the last week of discovery could lead to a dispute that the Court would not have adequate time to address before the close of discovery. The Court may have been receptive to any party's desire to pre-emptively extend the discovery period to avoid such a dispute. If any party determines early into the newly extended discovery period that another extension may be necessary, they should not delay in requesting such an extension. The Court is unlikely to accommodate another request to extend discovery that is brought within days of the new discovery deadline.

For the reasons stated above, the Court finds that Defendants' Motion for Extension of Time to Complete Discovery (ECF No. 68) should be and hereby is **GRANTED**. The new deadline for the close of discovery is **June 8, 2023**. Plaintiff's Motion to Quash Subpoenas (ECF No. 66) is hereby **DENIED**. The trial in this matter is hereby **continued**. The Court will issue a new scheduling order in this matter at a later date.

**IT IS SO ORDERED**, this 11th day of April, 2023.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge