IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

| | | |
|---|---|---|
| PIONEER CIVIL CONSTRUCTION, LLC | | PLAINTIFF/ COUNTER-DEFENDANT |
| v. | Case No. 1:22-cv-1034 | |
| INGEVITY ARKANSAS, LLC; and INGEVITY CORPORATION | | DEFENDANTS/ COUNTER-PLAINTIFFS |

**ORDER**

Before the Court are Defendants/Counter-Plaintiffs Ingevity Arkansas LLC and Ingevity Corporation's (collectively "Ingevity") Motion for Relief and/or Reconsideration (ECF Nos. 200 & 209) and Motion for Judgment as a Matter of Law (ECF No. 201 & 207).[1] Plaintiff/Counter-Defendant Pioneer Civil Construction, LLC ("Pioneer") responded. ECF Nos. 216 & 218. The Court finds the matters ripe for consideration.

**I. BACKGROUND**

On May 9, 2022, Pioneer filed its initial complaint against Ingevity in the Ashley County, Arkansas Circuit Court. ECF No. 3. Pioneer alleged alternate claims of breach of contract, promissory estoppel, unjust enrichment, and interference with business expectancy, all related to its termination from a construction project at Ingevity's facility in Crossett, Arkansas. *Id*. On June 13, 2022, Ingevity removed the matter to this Court.[2] ECF No. 2. Pioneer then submitted its First Amended Complaint, which alleged alternate claims of breach of contract, promissory estoppel, unjust enrichment, and tortious interference with contract. ECF No. 14. Ingevity submitted

---
[1] After initially filing each motion on June 14, 2024, Ingevity filed renewed versions to comply with Local Rule 7.2(a). ECF Nos. 205 & 206.
[2] The Court previously determined that it has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332. ECF No. 56, p. 3 n.3.

Counterclaims (ECF No. 19, p. 28-43) and Amended Counterclaims (ECF No. 43). Ingevity alleged eight counterclaims against Pioneer: 1) breach of contract; 2) negligence; 3) breach of warranty; 4) civil conspiracy; 5) fraud in the inducement; 6) negligent misrepresentation; 7) tortious interference with contract; and 8) unjust enrichment. ECF No. 43, p. 41-51. Ingevity moved to dismiss the entirety of Pioneer's claims. ECF No. 17. The Court denied Ingevity's motion to dismiss. ECF No. 56. Pioneer moved to dismiss the entirety of Ingevity's counterclaims. ECF No. 47. The Court granted Pioneer's motion to dismiss in part, dismissing Ingevity's counterclaims for negligence and for fraud in the inducement. ECF No. 58.

On August 7, 2023, Pioneer filed its Motion for Partial Summary Judgment, arguing that Ingevity cannot establish its counterclaims of civil conspiracy, negligent misrepresentation, tortious interference with contract, and unjust enrichment. ECF Nos. 89, 90, & 91. That same day, Ingevity moved for summary judgment on all of Pioneer's claims. ECF Nos. 92, 93, & 94. The Court granted Pioneer's motion for partial summary judgment and dismissed Ingevity's claims of civil conspiracy, negligent misrepresentation, tortious interference with contract, and unjust enrichment. ECF No. 118. The Court granted in part and denied in part Ingevity's motion for summary judgment. ECF No. 119. The Court dismissed Pioneer's alternate claims for breach of contract, promissory estoppel, unjust enrichment, and tortious interference with contract, and permitted Pioneer's remaining alternate breach of contract claim to proceed to trial. *Id*.

The trial in this matter commenced on April 29, 2024. ECF No. 176. On the third day of trial, after Pioneer rested its case-in-chief, the Court granted in part Pioneer's motion for judgment as a matter of law and dismissed Ingevity's counterclaims. ECF No. 180. The Court found that Ingevity's termination of the contract between the parties was for convenience and thus Ingevity could not subsequently bring claims alleging defective work that Pioneer could no longer cure

under the terms of the now-terminated contract.[3]  On May 3, 2024, at the conclusion of trial, the jury returned a verdict in favor of Pioneer and awarded $130,000 in damages for unpaid amounts owed under the contract.  ECF Nos. 182, 183, & 184.  The Court entered judgment against Ingevity that same day.  ECF No. 188.

Ingevity requested a deadline to file post-trial briefs, and the Court set an initial deadline of fourteen (14) days to submit any post-trial motions, making the initial deadline May 17, 2024.  On May 7, 2024, Ingevity requested an official copy of the trial transcript.  ECF No. 189.  On May 14, 2024, Ingevity moved to extend the deadline to file their post-trial briefs to May 31, 2024, stating that the Court's ongoing trial schedule was delaying receipt of the trial transcript and requesting more time to permit access to the transcript prior to filing their post-trial motions.  ECF No. 190.  The Court granted that motion and extended Ingevity's deadline to "within seven days of receipt of the official transcript for the trial in this matter."  ECF No. 191.

On June 14, 2024, Ingevity filed its initial post-trial motions (ECF Nos 200 & 201), and then filed renewed versions of those motions on June 17, 2024 (ECF Nos. 207 & 209).  On June 28, 2024, Pioneer filed its responses in opposition to both motions, arguing that the motions are untimely and cannot be considered.  ECF Nos. 216 & 218.

## II. DISCUSSION

### A. Ingevity's Motion for Judgment as a Matter of Law

Ingevity renews its prior Motion for Judgment as a Matter of Law pursuant to Federal Rule of Civil Procedure 50(b), arguing that there is insufficient evidence to support the jury's verdict.  ECF No. 208.[4]  Ingevity argues that the clause in the contract under which it terminated Pioneer

---

[3] Pioneer did not move for summary judgment on Ingevity's breach of contract or breach of warranty claims and instead waited until trial to make certain arguments regarding the terms of the contract.
[4] The Court cites to Ingevity's brief in support of its renewed motion for judgment as a matter of law.

3

from the construction project requires Pioneer to show reasonable and documented costs incurred prior to termination.  Ingevity then contends that Pioneer presented no evidence or testimony during trial that could be viewed as fulfilling the contract's requirement to show those costs.  Further, Ingevity argues that testimony at trial demonstrates that Pioneer did not comply with the contract's requirement to negotiate in good faith regarding payment adjustments after termination.  Ingevity asserts that it should therefore be granted judgment as a matter of law regarding Pioneer's breach of contract claim.

Pioneer's response in opposition argues that Ingevity's motion is untimely and that the Court cannot consider it.  ECF No. 219, p. 2-4.  Pioneer first notes that a motion pursuant to Rule 50(b) must be made within 28 days of the entry of judgment and that Rule 6(b)(2) precludes a court from extending that deadline.  Pioneer further notes that Ingevity failed to meet that 28-day post-judgment deadline, which elapsed on May 31, 2024, by first filing its motion on June 14, 2024.  Pioneer contends that the Court's functional extension of that deadline was impermissible and that Ingevity's untimely motion must be denied.

The Court finds that Ingevity's motion is untimely and cannot be considered.  A renewed motion for judgment as a matter of law pursuant to Rule 50(b) must be filed "[n]o later that 28 days of the entry of judgment[.]"  Fed. R. Civ. P. 50(b).  "A court must not extend the time to act under Rules 50(b) and (d), 52(b), 59(b), (d), and (e), and 60(b)."  Fed. R. Civ. P. 6(b)(2).  The time period in which a party must file a Rule 50(b) motion cannot be extended by the Court or agreement of the parties.  *See Dill v Gen. Am. Life Ins. Co.*, 525 F.3d 612, 616 (8th Cir. 2008) (citations omitted).[5]  Therefore, Ingevity's motion pursuant to Rule 50(b) must have been filed no later that

---

[5] Though these rules are non-jurisdictional and can be "forfeited if not timely raised" prior to a decision on the merits of the motion, Pioneer clearly raised a timely objection to the untimeliness of Ingevity's motion in its response.  *Dill*, 525 F.3d at 618-19.

May 31, 2024. Ingevity initially filed its motion on June 14, 2024, which is clearly beyond the deadline required by Rule 50(b), and it must be denied as untimely.

### B. Ingevity's Motion for Relief/Reconsideration

Ingevity's brings its motion for relief or reconsideration pursuant to Rules 59(e) and 60(b), and requests that the Court amend and correct various alleged errors. ECF No. 210.[6] Ingevity argues that the Court made clear errors of law in granting Pioneer's motion for judgment as a matter of law, dismissing Ingevity's counterclaims, and determining to not leave the question of whether Ingevity breached the contract for the jury.

Responding in opposition, Pioneer again argues that this motion is untimely and cannot be considered by the Court. ECF No. 217, p. 2-5. Pioneer first notes that any motions pursuant to Rule 59(e) must be made 28 days after the entry of judgment and that Rule 6(b)(2) prevents extensions of that deadline. Pioneer asserts that Ingevity's filing beyond May 31, 2024, clearly violates this deadline. Pioneer also contends that Ingevity's motion is also untimely under Rule 60(b) because the Eighth Circuit requires such motions to be filed within the 30-day period given to file an appeal. As Ingevity's motion was filed greater that 30 days after the May 3, 2024, judgment, Pioneer asserts that Ingevity failed to file any Rule 60(b) motion within the time to appeal and that Rule 6(b)(2) also prevents any extension of that deadline.

The Court finds that Ingevity's motion for relief and/or reconsideration is untimely under Rule 59(e). Motions filed pursuant to Rule 59(e) "must be filed no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(e). That deadline cannot be extended by the Court. *See* Fed. R. Civ. P. 6(b)(2); *and see Petrone v. Werner Enter., Inc.*, 2024 WL 3196019 at *4 (8th Cir. 2024) (noting a district court lack's authority to extend the time to file a motion under Rule 59(e));

---

[6] The Court cites to Ingevity's brief in support of its renewed motion for relief and/or reconsideration.

*Gonzalez v. Shahin*, 77 F.4th 1183, 1188-89 (8th Cir. 2023) (stating that any extensions of the deadlines noted in Rule 6(b)(2) are made in error). Therefore, Ingevity's motion pursuant to Rule 59(e) must have been filed by May 31, 2024. Ingevity did not meet this deadline, and thus its motion pursuant to Rule 59 (e) cannot be considered.

Ingevity's motion is also untimely under Rule 60(b). Motions brought pursuant to Rule 60(b)(1)[7] must be filed "within the time period allowed for appeal[.]" *Lowry v. McDonnel Douglas Corp.*, 211 F.3d 457, 461 (8th Cir. 2000) (quoting *Fox v. Brewer*, 620 F.2d 177, 180 (8th Cir. 1980)). This deadline is meant to prevent the use of Rule 60(b)(1) motions alleging mistake as a substitute for appeal when such mistakes could be challenged and corrected on appeal. *Fox*, 620 F.2d at 180; *CRI, Inc. v. Watson*, 608 F.2d 1137, 1143 (8th Cir. 1979). A notice of appeal in a civil matter must generally be filed within 30 days after the judgment that a party intends to challenge.[8] *See* Fed. R. App. P. 4(a)(1)(A). Therefore, Ingevity's deadline to file a notice of appeal regarding the May 3, 2024, judgment against it was June 2, 2024. Consequently, Ingevity's motion challenging the Court's alleged mistakes pursuant to Rule 60(b)(1) is untimely and the Court may not consider it. *Lowry*, 211 F.3d at 461; *Fox*, 620 F.2d at 180; *Watson*, 608 F.2d at 1143. Accordingly, Ingevity's motion for relief or reconsideration is untimely under either Rule 59(e) or Rule 60(b) and must be denied.

---

[7] Ingevity asserts that it seeks relief under Rule 60(b)(1) and (6), which provide "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: 1) mistake, inadvertence, surprise, or excusable neglect; . . . or 6) any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1) and (6). However, because all of Ingevity's arguments for relief center on alleged mistakes made by the Court, the Court will only evaluate this motion under Rule 60(b)(1). *See Liljeberg v. Health Serv. Acquisition Corp.*, 486 U.S. 847, 863 n.11 (1988) ("a party may 'not avail himself of the broad "any other reason" clause of 60(b)' if his motion is based on grounds specified in clause (1)") (internal quotation omitted); *and see Matter of Grand Jury Subpoena Directed to Dakota Cheese, Inc.*, 923 F.2d 576, 577 (8th Cir. 1991) (interpreting a Rule 60(b) motion based upon its substance and not the subsection asserted by the movant).

[8] The exceptions to the thirty-day appeal period for civil cases are not applicable in this matter. *See* Fed. R. App. P. 4(a)(1)(B), (a)(4), & (c).

## III. CONCLUSION

For the reasons stated above, the Court finds that Ingevity's Motion for Relief and/or Reconsideration (ECF Nos. 200 & 209) and Motion for Judgment as a Matter of Law (ECF No. 201 & 207) should be and hereby are **DENIED** as untimely.

**IT IS SO ORDERED**, this 18th day of July, 2024.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge